# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN E. ARNOLD
  Petitioner,

v.           No. 3:15-cv-00881-DRH

UNITED STATES OF AMERICA
  Respondent.

## ORDER

**HERNDON, District Judge:**

  Before the Court is Assistant Federal Public Defender Ethan Skaggs' ("FPD") Motion to Withdraw as counsel of record for petitioner John Arnold ("Arnold") in the above-styled matter (Doc. 13). Based on the following the Motion to Withdraw is **GRANTED**; Arnold is **DIRECTED** to file a response **SHOWING CAUSE** as to why the Court should not deny his 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 1) and dismiss his case.

## DISCUSSION

  On August 10, 2015, Arnold filed a motion to vacate his sentence pursuant to section 2255 (Doc. 1). Specifically, he challenges his status as a career offender based upon the holding in *Johnson v. United States*, 135 S. Ct. 2251 (2015). In *Johnson*, the United States Supreme Court found the residual clause in the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague under the Sixth Amendment's Due Process Clause. *See id*. As a result, Arnold argues that because the residual clause found in U.S.S.G. § 4B1.2 is substantially

identical to the one found in the ACCA, it correspondingly is unconstitutionally vague (Doc. 1). In accordance with this District's Administrative Order No. 176, the Court appointed the FPD to represent Arnold (Doc. 5).

Due to a circuit split as to whether the sentencing guidelines were subject to vagueness challenges the Supreme Court granted certiorari in *Beckles v. United States*, 137 S. Ct. 886 (2017), and held that *Johnson*-reasoning does not extend to section 4B1.2's residual clause; and the advisory sentencing guidelines are ultimately not subject to vagueness challenges under the Due Process Clause. *See Beckles*. Subsequently, the government filed a Notice Regarding Supplemental Authority arguing that petitioner's section 2255 motion should be denied in light of *Beckles* (Doc. 11). More specifically, Arnold's section 2255 petition should be dismissed given that there was no cognizable error in his sentence because the petition rests wholly on the premise that the advisory guidelines may be attacked as unconstitutionally vague (*Id.*).

Shortly thereafter, the FPD filed a Motion to Withdraw (Doc. 13) arguing that Arnold has no meritorious basis for obtaining relief premised upon *Johnson* since the decision in *Beckles* forecloses any colorable claim (Doc. 13). Moreover, the FPD requested to be withdrawn as attorney of record because no non-frivolous basis for seeking relief based on Johnson is available (*Id.*). The Court entered an order pursuant to district-wide procedure allowing Arnold thirty (30) days or until July 1, 2017 to respond to the FPD's Motion to Withdraw (Doc. 14). The order stated, inter alia, "failure to respond within the 30-day time period will

result in the grant of the motion to withdraw" (*Id*.). Petitioner has failed to respond.

Accordingly, the Court **GRANTS** the Motion to Withdraw as counsel (Doc. 13).  Additionally, the Court **DIRECTS** Arnold—on or before September 22, 2017—to file a response **SHOWING CAUSE**, i.e. a valid reason, why his section 2255 petition should not be denied and his case dismissed.  The government may—but is not required to—file any further response by the same date.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Arnold at his last known address.

**IT IS SO ORDERED**.

Signed this 21st day of August, 2017.

Judge Herndon
2017.08.21
17:17:41 -05'00'

**UNITED STATES DISTRICT JUDGE**