IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN E. ARNOLD,

Petitioner,

Civil Case No. 15-cv-881-DRH
vs.                                             Criminal Case No. 12-cr-30180-DRH

UNITED STATES OF AMERICA,

Respondent.

**MEMORANDUM and ORDER**

HERNDON, District Judge:

## I.    Introduction

This matter is before the Court on petitioner John Arnold's ("petitioner")
motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255
(doc. 1), and petitioner's supplement to his section 2255 motion (doc. 21)
(together, "2255 motions").    In his 2255 motions, petitioner brings an array of
arguments seeking relief under recent case law and seeking relief based on an
alleged invalid collateral attack waiver contained in his plea agreement. The
government filed responses in opposition of petitioner's 2255 motions (docs. 4;
11; 26).    For the following reasons, petitioner's motion to vacate, set aside, or
correct sentence pursuant to 28 U.S.C. § 2255 (doc. 1) and supplement (doc. 21)
are denied.

## II.    Background

On September 27, 2012, petitioner plead guilty, pursuant to a plea agreement, to one count of an indictment charging him with Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Crim. doc. 30)[1]. The Court determined petitioner to be a Career Offender, and sentenced him to 151 months' imprisonment on February 1, 2013. *Id*. The state predicate felonies underlying petitioner's career offender status include: two convictions for Unlawful Possession with Intent to Deliver a Controlled Substance and one conviction for Aggravated Fleeing or Attempting to Elude a Police officer. (Cr. doc. 23 at 5). Petitioner did not appeal his sentence or conviction.

On July 27, 2015, petitioner filed a petition for habeas corpus with this Court, which the Court then construed as a section 2255 petition and directed the Clerk of Court to mail petitioner the appropriate 2255 form. On August 10, 2015, petitioner filed his section 2255 motion ("original 2255 motion"), seeking review of his sentence following *Johnson v. United States*, 135 S.Ct. 2551 (2015). Specifically, petitioner argues he should be re-sentenced as a non-Career Offender because he believes the holding of *Johnson* - that the residual clause of the Armed Career Criminal Act is unconstitutionally vague - should also apply to void the residual clause of the Career Offender provision (U.S.S.G. 4B1.1) as unconstitutionally vague.

---

[1] Any reference to petitioner's underlying criminal case will be annotated "Cr. doc." followed by the document number and is in reference to case number 12-cr-30180-DRH.

Following the original 2255 motion, petitioner filed a Motion for Leave to File Supplement on October 4, 2017 (doc. 17). The motion was granted on October 18, 2017 (doc. 20) and petitioner's supplement ("supplemental 2255" or "supplement") was subsequently filed (doc. 21). In the supplement, petitioner raises an additional three grounds for relief: (1) Under the modified categorical approach announced in *Mathis v United States*, 136 S. Ct. 2243 (June 23, 2016), petitioner received an erroneous criminal history enhancement; (2) petitioner's plea agreement provision waiving collateral attack is invalid; and (3) the change in law effectuated by *Mathis* renders petitioner "actually innocent" of being a Career Offender. In total, petitioner raises four grounds for relief. The Court shall address each claim for relief in turn.

## III.   Law

A prisoner may move to vacate, set aside or correct his sentence if he claims "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 is an extraordinary remedy because it asks the district court essentially "to reopen the criminal process to a person who has already had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir.2006)). Thus, relief under section 2255 is "reserved for extraordinary situations," *Prewitt v. United States*,

83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)), as a collateral attack pursuant to section 2255 is not a substitute for a direct appeal. *Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007).

A petitioner cannot raise constitutional issues that he could have, but did not directly appeal, unless he shows good cause for, and actual prejudice from, his failure to raise them on appeal, or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000). Likewise, a section 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). This is called "procedural default." The only way such issues could be heard in the section 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

If a petitioner is appropriately seeking relief under section 2255, such that the claims are not procedurally defaulted, a one year statute of limitations period applies. The one year limitations period typically runs from the date on which the judgment of conviction becomes final, however can also run from the latest of three other dates, including "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review[.]"
28 U.S.C. § 2255 (f)(3).  The Court now turns to petitioner's claims.

## IV.    <u>Argument</u>

For the following reasons, the Court **DENIES** petitioner's four (4) grounds
for relief.

### a.  Ground One:  Sentencing Advisory Guidelines May Not Be Attacked As Unconstitutionally Vague

#### 1. Procedural Default

To begin, all of petitioner's claims, including his claim regarding the
residual clause of the Career Offender Provision (U.S.S.G. 4B1.1), are
procedurally defaulted, and must be denied.  Petitioner never filed a direct appeal,
and the "failure to raise an issue on direct appeal generally bars a defendant from
raising it later in a post-conviction proceeding."  *Barker v. United States*, 7 F.3d
629, 632 (7th Cir. 1993) (citations omitted).  This rule is broadly applicable unless
cause can be shown for the procedural default as well as actual prejudice.  *Id*.
The "cause" portion of the inquiry must be attributable to forces outside a
petitioner's own conduct or decision making processes.  Further, the Supreme
Court has excused procedural default on collateral review in three limited
circumstances: (1) when a criminal defendant received ineffective assistance of
counsel (*Murray v. Carrier*, 477 U.S. 478, 488 (1986); (2) when the claim is novel
*Smith v. Murray*, 477 U.S. 527, 536 (1986); and (3) when the defendant is
actually innocent (*McQuiggin v. Perkins*, 133 S. Ct. 1924,  1932 (2013).

Here, petitioner has not alleged nor shown any impediment or "cause" for his failure to bring any of his claims on appeal. Additionally, petitioner has not demonstrated that his claims meet any of the exceptions to the procedural default rule. Petitioner does not raise any ineffective assistance of counsel claims so exception one to the rule is not applicable. Regarding exception two, novel claims, petitioner fails to establish that any of his four grounds for relief are original, unique rights brought for the first time in his case. Petitioner's claim from his original 2255 motion under *Johnson* has been recognized since 2008 by the Supreme Court as written in *Begay v. United States*, 553 U.S. 137 (2008); *see also*, *Vitrano v. United States*, 721 F.3d 802, 808 (7th Cir. 2013), (holding no novelty to argument that sentence was enhanced on incorrect understanding of the term, "violent felony.").

Finally, exception three, actual innocence, also fails to rectify petitioner's procedural default as to the original 2255 claim. To establish a claim of actual innocence, a defendant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial," and must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). From a plain reading, the actual innocence analysis traditionally applies to the conviction – not to the sentence (or a Sentencing Guideline provision) – as petitioner alleges here. In a non-capital sentencing setting, one may only be deemed "actually innocent" of a sentence if sentenced above the statutory

maximum. *See United States v. Rodriquez*, 553 U.S. 337, 390 (2008); *United States v. Addonizio*, 442 U.S. 178-186-87 (1979) (no fundamental error cognizable under section 2255 because actual sentence imposed was within the statutory limits so that error did not affect lawfulness of the judgment). Here, petitioner's sentence does not fall above the statutory maximum for his crimes. Accordingly, on the procedural default basis alone, petitioner's original 2255 claim regarding the constitutionality of sentencing guidelines must be denied.

## 2. Cognizable Claims in Post-Conviction Proceedings

Additionally, petitioner's original 2255 claim is not appropriately brought in a post-conviction proceeding. Post-conviction relief is available "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a miscarriage of justice." *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (internal citations omitted). Here, the Seventh Circuit has spoken directly to the argument petitioner brings and has clearly held that a district court's determination of Career Offender status under the Sentencing Guidelines is not cognizable under section 2255. *Hawkins v. United States*, 706 F.3d 820, 823-25 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). The *Hawkins* court reasoned that Sentencing Guidelines are not binding on district courts and, given the Guidelines advisory nature, courts even have the option of presuming that a sentence within the applicable range may not be proper. *Id.* at 822. Further, even errors in calculating the advisory guidelines do

not constitute a miscarriage of justice for collateral attack purposes when the sentence does not exceed the statutory maximum. *Id*. at 825. Plainly, petitioner's original 2255 ground for relief concerning career offender status under the sentencing guidelines may not be contested under established Seventh Circuit precedent, as the argument is not one properly brought under section 2255.

### 3. *Beckles v. United States*, 137 S. Ct. 886 (March 6, 2017)

Lastly, petitioner's original 2255 claim, that advisory guidelines may be attacked as unconstitutionally vague, has been squarely foreclosed by the Supreme Court's holding in *Beckles v. United States,* 137 S. Ct. 886 (March 6, 2017). In *Beckles,* the Supreme Court held:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id*. at 893.

*Beckles* leaves no doubt that the reasoning of *Johnson*, which petitioner cites to as support, does not apply to guideline provisions, including section 4B1.2's "residual clause." Therefore, there is no cognizable argument made by plaintiff in his original 2255 motion, and as such, petitioner's claim one, is **DENIED.**

### b. Ground Two: No Erroneous Criminal History Enhancement Applied to Sentence

#### 1. Procedural Default

As explained *supra*, in section IV (a)(1), petitioner's second claim brought under *Mathis* is procedurally defaulted as he never filed a direct appeal, and the claim meets no exceptions to the procedural default rule. Exception one is not applicable and exception two, novelty, is without merit. Petitioner was able to, but failed, to raise this sentencing argument at any point during his case. The development of *Mathis v. United States*, 136 S. Ct. 2243 (June 23, 2016) did not create a novel argument of which petitioner could not avail himself of prior to its drafting. Before *Mathis*, numerous Circuits accepted what petitioner promotes here: that some state statutes do not qualify as predicate offenses due to encompassing broader ranges of conduct than the definition given in the guidelines. *See e.g. United States v. Price*, 516 F.3d 285, 287 (5th Cir. 2008). In fact, the language of *Mathis* itself makes the point clear: "**For more than 25 years**, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense." 136 S. Ct. at 2257 (emphasis added). Accordingly, there is no novelty to petitioner's sentencing argument - even couched under the guise of *Mathis* - as courts have applied a categorical approach to determine what convictions qualify as predicate offenses for decades. *See United States v. Taylor*, 672 Fed. Appx. 860, 864 (10th Cir. 2016) (*citing Mathis*, 136 S. Ct. at 2257) (Supreme Court made clear "that it was not announcing a new rule and that its decision was dictated by decades or prior precedent.").

Regarding exception three to the procedural default rule, see section IV (a)(1) *supra* concerning "actual innocence".  Thus, petitioner's claim that an erroneous criminal history enhancement was applied to his sentence is procedurally defaulted and must be denied.

## 2. Statute of Limitations

In addition to petitioner's claim two being procedurally defaulted, it also runs afoul of section 2255's one year statute of limitations.  The timeliness of each claim brought under a 2255 motion must be analyzed independently.  *Davis v. United States*, 817 F.3d 319, 328 (7th Cir. 2016).  Per the statute, "a 1-year period of limitations shall apply to a motion under this section."  28 U.S.C. § 2255.  The one year period runs from one of four dates, the applicable ones here being, "(1) the date on which the judgment of conviction becomes final; [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"  28 U.S.C. § 2255(f)(1); (f)(3).  When a petitioner does not file a direct appeal, as here, the one year date under section 2255(f)(1) is calculated fourteen days after the entry of judgment to account for the 14-day period allowed for filing an appeal.  *Davis,* 817 F.3d at 326.

Petitioner was sentenced and judgment entered on February 1, 2013.  Cr. docs. 28, 30.  Petitioner did not file his first habeas petition until some two years later on July 27, 2015, under case number 15-cv-809-DRH.  This case file was

administratively closed one day later as the Court construed the petition to be a motion under section 2255. *See* 15-cv-809-DRH, doc. 3. In the Court's Order, the Clerk of the Court was directed to send petitioner a proper section 2255 form to fill out. On August 10, 2015, petitioner filed his original 2255 motion (doc. 1).

Under section 2255(f)(1), petitioner is obviously outside the one year limitations period from when judgment was entered, and petitioner is not saved by section 2255(f)(3). Petitioner argues that his claim under *Mathis* is timely, as he could not have filed his sentencing argument until after *Mathis* was issued (doc. 21 at 4; 10). The argument fails under both 2255 subsections (f)(1) and (f)(3). As discussed *supra* in section IV (b)(1), *Mathis* did not announce a new right made retroactively applicable, but rather reiterated case law precedent stemming back up to twenty-five years. *See Brown v. United States*, 2018 WL 1211816, at n.4 (S.D. Ill. March 3, 2018); *United States v. Nolan*, 2017 WL 6813705, at *1 (N.D. Ill. November 20, 2017) ("*Mathis* did not recognize a new right that was made retroactively applicable within the meaning of § 2255(f)(3). As the *Mathis* court made clear, its holding was controlled by prior precedents"); *Gulley v. United States*, 2017 WL 2450178, at *3-4 (C.D. Ill. June 5, 2017) ("[T]he Supreme Court did not recognize a new right in *Mathis* . . . Moreover, several cases have held that *Mathis* does not trigger a new one-year period under § 2255(f)(3))"; *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (explaining that *Mathis* "did not announce such a rule; it is a case of statutory interpretation").

Additionally, even *if* *Mathis* announced a new rule conforming to the criteria listed in section 2255 (f)(3), petitioner still misses the one year limitations period.  The *Mathis* decision was issued on June 23, 2016.  Petitioner did not file his motion for leave to supplement his section 2255 petition until October 4, 2017 (doc. 18), one year and four months later.  Accordingly, petitioner's *Mathis*-related sentencing argument brought in his 2255 supplement must be denied based on the statute of limitations.

### 3.  Cognizable Claims in Post-Conviction Proceedings

For the reasoning explained in section IV (a)(2), petitioner's claim two is not appropriately brought in a post-conviction proceeding.  "[N]ot every error is corrigible in a post-conviction proceeding, even if the error is not harmless." *Hawkins*, 706 F.3d at 823.  The *Hawkins* court explained that post the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), sentencing guidelines are influential on the courts, but not binding.  Here, petitioner was sentenced as a Career Offender many years after the Sentencing Guidelines become advisory.  Thus, petitioner may not contest his career offender designation and sentence in a section 2255 proceeding.

### 4.  Petitioner's Arguments Concerning His Predicate Illinois Controlled Substance Offenses for Possession With Intent To Distribute Have Been Rejected By The Seventh Circuit

Even were the logic of *Hawkins* not applicable to petitioner's claim two, nor procedural default, nor the statute of limitations, his argument still fails.  In his supplement, petitioner claims that had he "not received the erroneous criminal

history enhancement, the guideline range of imprisonment would have been 24 to 30 months." Doc. 21, at 4. Despite his assertions, the predicates used to calculate his term of imprisonment were correctly applied. According to the pre-sentencing investigation report, three convictions were used to establish petitioner's Career Offender status: one conviction for Aggravated Fleeing and two convictions for Possession with Intent to Distribute a Controlled Substance. Cr. doc. 26 at ¶ 23. While petitioner does not make clear which of the predicates he contests in his supplement, petitioner makes arguments regarding his controlled substance offenses in his "Response Showing Cause Why Court Should Not Deny 28 U.S.C. § 225 Motion" (doc. 17). Accordingly, the Court analyzes these priors under the claims made in the supplemental 2255.

Petitioner alleges that the element "intent to deliver" as used in Illinois statute 720 ILCS § 570/401, means that a defendant is going to sell a drug (doc. 17 at 12). Further, petitioner argues that after *Mathis*, the method used to deliver a controlled substance is not an element of the crime under § 570/401 of the ILCS and because the "delivery" element of the state crime "criminalizes a 'greater swath of conduct than the element of the relevant [guidelines] offense,' there is a mismatch of elements." *Id*. at 13. Thus, petitioner's prior convictions for unlawful possession of a controlled substance with intent to deliver are not controlled substance offenses under the guidelines and cannot serve as predicate offenses under USSG 4B1.1. *Id*. Detrimentally to petitioner however, the Illinois statute does not equate delivery of a controlled substance with selling it. Indeed,

the Illinois statute defines "deliver" or "delivery" to mean "the actual, constructive or attempted transfer of possession of a controlled substance, with or without consideration, whether or not there is an agency relationship." 720 ILCS 570/102(h).

Petitioner's claims that his predicate felonies for Possession with Intent to Distribute cannot be classified as controlled substance offenses for purposes of USSG 4B1.1(a)(3) because the elements of the Illinois statute differ from the elements in the Sentencing Guidelines, are misguided. USSG § 4B1.2(b) defines "controlled substance offense" as "an offense under federal or state law . . . that prohibits . . . the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." The Seventh Circuit has recently foreclosed arguments the likes of which petitioner makes here. In *United States v. Redden*, 875 F.3d 374, 374-75 (7th Cir. 2017), the Court held:

> The key phrase in § 4B1.2(b) is "manufacture, import, export, distribution, or dispensing. As with most other recidivist enhancements, there words are applied to the elements of the crime of conviction, not to what the accused did in fact . . . The definition that underlies the offense established by 720 ILCS 570/401 tells us that "deliver" and "delivery" mean an "actual, constructive or attempted transfer." 720 ILCS 570/102(h). Any conduct meeting the state's definition of "delivery" comes within § 4B1.2(b) because "transfer" is just another word for distribute or dispense."

Additionally, the Sixth Circuit recently found that Illinois statute 720 ILCS 570/102 falls within the Sentencing Guidelines definition and does not cover any broader conduct. *See United States v. Smith,* 681 Fed. Appx. 483, 488

(6th Cir. 2017). Accordingly, petitioner's arguments regarding his Illinois predicates fail.

For all of the preceding arguments, petitioner's claim two regarding application of an erroneous criminal history enhancement, is denied.

### c. Ground Three:   Plea Agreement Provision Waiving Collateral Attack Is Valid

Ground three of petitioner's combined 2255 motions alleges that his plea agreement provision waiving collateral attack is invalid because the magistrate judge did not expressly question petitioner about the waiver (doc. 21 at 5). This allegation is false and should be denied for the following reasons.

### 1. Procedural Default and Statute of Limitations

As already discussed per petitioner's previous claims, the ground for relief regarding the collateral attack wavier in petitioner's plea agreement is procedurally defaulted and runs afoul of the statute of limitations. Petitioner has never filed a direct appeal nor does this claim meet any exceptions to the procedural default rule. The claim is not related to ineffective assistance of counsel nor is there anything novel about it. Indeed, petitioner does not argue novelty of any of his claims and as such, the argument is waived. *Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012). Further, this argument concerning a collateral attack waiver has no bearing on the actual innocence of petitioner, making exception three inapplicable. Accordingly, the claim is procedurally defaulted.

Ground three of the combined 2255's also violates the section's one year statute of limitations. Per § 2255 (f)(1), petitioner had one year from the date his judgement of conviction became final. Petitioner's judgment was finalized on February 1, 2013. Cr. doc. 30. Even if measured from the date petitioner filed his original habeas action, July 27, 2015, and not the 2255 form, he is far outside the one year period. Thus, the claim fails under the statute of limitations and must be dismissed.

### 2. Questioning of Plea Agreement Provision during Plea Colloquy

The plea agreement that petitioner signed contained an express waiver of appeal and collateral attack rights. Cr. doc. 18 at 8. At the plea hearing, petitioner was deemed competent to plead guilty and acknowledged that he signed his plea agreement under no coercion and had reviewed the agreement in totality. Cr. doc. 39, 7:22-23; 13:13 – 14:4. Further, petitioner stated there was nothing in the agreement that he disagreed with. *Id*. 13:22-23. Now, in his supplemental 2255, petitioner argues that the magistrate judge failed to comply with Federal Rule of Criminal Procedure 11, which states that the Court must inform a defendant of, and determine that, a defendant understands "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. Pro. 11(b)(1)(N). The accusation is patently false.

During the plea hearing, the magistrate judge instructed the prosecutor to review the essential components of petitioner's plea agreement. Regarding collateral rights, it was stated that "There is a waiver of appeal rights and post-

conviction relief." *Id*. 14:13-16. The magistrate followed up with petitioner and questioned whether petitioner heard all the essential parts of his agreement, to which petitioner responded that he did. *Id*. 15:3-5. Even further, the magistrate judge questioned petitioner: "Do you understand that under some circumstances you and the Government may have a right to appeal any sentence Judge Herndon imposes, however, you are waiving or giving up most of your appeal rights." *Id*. 16:16-19. To this very pointed question, petitioner responded that he did understand. *Id.* 16:20. Accordingly, there is no basis for petitioner to argue that Federal Rule of Criminal Procedure 11 was violated.

Even if Rule 11 was somehow deviated from, "a variance from the requirements of this rule is harmless error if it does affect substantial rights." Fed. R Crim. Pro. 11(h). A reviewing court must look at the totality of the circumstances surrounding the plea to determine if a defendant was informed of his rights. *United States v. Wagner*, 996 F.2d 906, 912 (7th Cir. 1993) (internal citations omitted). The Seventh Circuit has held that Rule 11 should not be given "such a crabbed interpretation that ceremony [is] exalted over substance." *Id*. at 913, *quoting* Fed. R. Crim. Pro. 11(h) Advisory Committee Note (1983). Here, it is clear that petitioner was aware of, and understood that, he was giving up his collateral review rights by signing his plea agreement. Any argument to the effect that more questions should have been posed regarding petitioner's understanding does nothing to demonstrate effect on his substantial rights. Petitioner's argument is one of technicality, and based on the total circumstances, it is

inconceivable to argue that he was unaware of the waiver provision in his agreement.  Accordingly, claim three of the combined 2255's is denied.

### d. Ground Four:  The Change In Law Effectuated by *Mathis* Does Not Render Petitioner "Actually Innocent" Of His Career Offender Designation

In his final claim for relief, petitioner argues that "the change in law effectuated by . . . Mathis . . . renders him actually innocent of being a Career Offender."  Doc. 21 at 6.  For the reasoning explained *infra* in section IV (a)(1), this claim is procedurally defaulted as it does not meet the requirements to establish exception three to the procedural default rule, actual innocence.  The focus of an "actual innocence" allegation is on the crime of conviction, not on the sentence as petitioner argues here.[2]

Claim four also fails as an independent claim.  The Seventh Circuit has held that appeal waivers against challenges to career offender designations are enforceable.  For example, in *United States v. McGraw*, the defendant argued that the convictions used to categorize him as a career offender no longer constituted crimes of violence after *Begay v. United States*, 128 S.Ct. 1581 (2008), and thus his career offender status no longer applicable.  The Seventh Circuit however, enforced the waiver, noting that "we have consistently rejected arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments."  571 F.3d 624, 631 (7th Cir. 2009).  *McGraw* rejects the argument

---

[2] The Court is aware that actual innocence has been raised in the capital sentencing context in relation to the aggravating circumstances rendering a prisoner eligible for the death penalty (*see Dretke v. Haley*, 541 U.S. 386, 388 (2004); however that is not the underlying facts of this case, which deals solely with sentencing in a non-capital context.

petitioner makes in claim four that he is "actually innocent" of his career offender status after *Mathis*. The *McGraw* opinion heavily implies that an actual innocence claim is appropriate only with regards to the criminal charges against petitioner – not against petitioner's sentence. *See also Renth v. True*, 2017 WL 5176288 at *3 (S.D. Ill. Nov. 8, 2017) ("[E]ven if Mathis announces a change in law, it is not a change that would render petitioner innocent of the *charge* of conspiracy to manufacture methamphetamine") (emphasis added).

Accordingly, claim four of the combined 2255's is denied.

## V. <u>Conclusion</u>

Based on the foregoing, petitioner's original 2255 motion (doc. 1) and his supplemental 2255 motion (doc. 21) are **DENIED.**

Petitioner's sentence and conviction are legal. He has not demonstrated his sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. The Court notes that letting petitioner's conviction and sentence stand would not result in a fundamental miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

Under Rule 11(a) of the RULES GOVERNING § 2255 PROCEEDINGS, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claim warrants a certificate of appealablity pursuant to 28 U.S.C. §

2253(c)(2). *See id*. "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id*.

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; he may appeal only those issues for which a certificate of appealablity has been granted. *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See* § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal citations omitted).

Where a district court denies a habeas petition on procedural grounds, a certificate of appealability should be issued only if: (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See id*. at 484.

Here, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claims.

Reasonable jurists could not debate that the petition should have been resolved in a different manner. Therefore, the Court **DECLINES** to certify any issues for review pursuant to section 2253(c).

Thus, petitioner's original 2255 motion (doc. 1) and supplemental 2255 motion (doc. 21) are **DENIED and DISMISSED with prejudice.** Further, the Court **DECLINES** to issue a certificate of appealability. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED**.

Judge Herndon
2018.05.04
14:09:12 -05'00'

**United States District Judge**